# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KENDRICK STORY**  **PLAINTIFF**
**ADC #109934**

v.  No: 4:20-cv-00919 BRW-PSH

**MURRY,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kendrick Story filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 10, 2020, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). For the reasons stated herein, Story's claims should be

dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Story claims that the conditions of his confinement subjected him to cruel and unusual punishment.  Doc. No. 2 at 6-10.  Specifically, he alleges that he had no mattress for fifteen days in administrative segregation, and for another five days in the general population.  He claims sleeping without a mattress worsened his back condition.

To support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).  The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'  . . .  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).  "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment."  *Smith v. Coughlin*,

748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)); *see also Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that the Eighth Amendment "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.").

Although the Eighth Circuit Court of Appeals has recognized that conditions that prevent sleep may violate the Eighth Amendment because "sleep is critical to human existence,"[1] poor sleeping conditions do not necessarily amount to a constitutional violation. *See e.g., Goldman v. Forbus,* 17 Fed. Appx. 487, 488 (8th Cir. 2001) (no constitutional violation where detainee slept six nights on the floor next to a toilet); *Ferguson v. Cape Girardeau County,* 88 F.3d 647, 650 (8th Cir. 1996) (no constitutional violation where detainee was forced to sleep on the floor on a mattress under bright lights for 14 days); *A.L. by L.B. v. Kierst,* 56 F.3d 849, 855 (8th Cir. 1995) (no constitutional violation where juvenile detainee was forced to sleep on a floor mattress for 15 days).[2]

---

[1] *Walton v. Dawson*, 752 F.3d 1109, 1120 (8th Cir. 2014) (holding that "the Constitution guarantees a minimum right to sleep without legitimate fear of a nighttime assault by another detainee.").

[2] *See also Hamilton v. Mauldin,* No. 14-CV-4033, 2015 WL 898080, at *2 (W.D. Ark. Mar. 3, 2015) ("While Plaintiff may have been uncomfortable without a mattress [for seven or eight nights], this was not a deprivation of any minimal civilized measure of life's necessities."); *Desroche v. Strain,* 507 F. Supp. 2d 571, 579-80 (E.D. La. 2007) (sleeping on the floor of an unsanitary holding tank for ten days, without a mattress, failed to state a constitutional claim); *Alfred v. Bryant,* 378 Fed. Appx. 977, 980 (11th

In addition to the lack of a mattress, Story does not allege that he had inadequate bedding or clothing, or that he was exposed to extreme temperatures or unsanitary conditions, all of which may be relevant factors in determining whether a prisoner's sleeping arrangements are unconstitutional.  *See, e.g., Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (reversing summary judgment for jail officials where detainee slept on a floor mattress next to a toilet for five weeks); *Obama v. Burl*, 477 Fed. Appx. 409, 411 (8th Cir. 2012) (finding an inmate's allegations that he was exposed to constant lighting for two months in isolation and suffered loss of sleep, emotional distress, and constant headaches was sufficient to state an Eighth Amendment claim).

Story's allegations do not describe a constitutional violation.  While no doubt uncomfortable, sleeping without a mattress for a total of 20 days is not sufficiently extreme such that it constitutes deprivation of the minimal civilized measure of life's necessities or violates contemporary standards of decency.  Accordingly, Story fails to allege facts sufficient to state a claim upon which relief may be granted, and his complaint should be dismissed without prejudice.

---

Cir. 2010) ("[S]leeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency.").

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Story's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 4th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE